WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Mann, as Trustee for the Estate of LeapSource, Inc., et al. <br><br> Plaintiffs, <br><br> Vs. <br><br> GTCR Golder Rauner, L.L.C., a Delaware limited liability company., et al., <br><br> Defendants. | No. CIV 02-2099-PHX RCB <br><br> O R D E R |

On April 15, 2005, Defendant Kirkland & Ellis ("K&E") filed a Motion to Strike Errata Sheet of Rule 30(b)(6) Witness and for Sanctions. Mot. (doc. 192). This motion was fully briefed on May 20, 2005. Reply (doc. 212). Having carefully considered the arguments presented by the parties, the court now rules.

**I. Background Facts**

On November 24, 2004, K&E initially noticed the Rule 30(b)(6) deposition of the Trustee in this matter. The notice sought testimony regarding the facts underlying Count 10, the legal

malpractice claim asserted against K&E by the Trustee. However, the Trustee objected to the notice and refused to appear on the ground that Rule 30(b)(6) did not apply to a trustee in bankruptcy. Eventually, the Court was contacted to resolve this issue, and on December 23, 2004, the Court issued an order holding that Rule 30(b)(6) applied to the Trustee and ordered the Trustee or her designee to appear for deposition.  Order (doc. 153).

After some delay, the deposition occurred on February 10, 2005. The Trustee designated Plaintiff Thomas Gilman to testify on her behalf. At the deposition, Gilman acknowledged that he was prepared to testify on the subjects set forth in the deposition notice. Gilman testified for approximately four hours, and, throughout the deposition, the Trustee's counsel asked no clarifying questions.

Thereafter, on March 24, 2005, all counsel received a statement of changes signed by Gilman regarding his deposition. The changes were submitted in a three-page table title "Gilman Deposition Correction" with twenty-two specific changes to his testimony ("the Correction Sheet").  Exbt. 3 (doc. 192).[1]

**II. Motion to Strike and Motion for Sanctions**

In its motion, K&E asks the Court to strike the Correction Sheet from the record in this case.  Mot. (doc. 192) at 9.  K&E argues that the changes listed in the Correction Sheet are significant and substantial, and amount to a rewrite of Gilman's

---

[1] Apparently the original correction sheet was not filed with the Court, however, a copy was attached to K&E's motion to strike. Exbt. 3 (doc. 192).  Consequently, the Court's ruling on this motion will relate to the document attached to K&E's motion to strike.

-2-

1 testimony. Id. at 3-6.  Moreover, K&E asserts that it was the
2 Trustee's responsibility to produce a knowledgeable witness for the
3 deposition, and her failure to do so does not allow Plaintiffs to
4 rewrite Gilman's testimony.  Reply (doc. 212) at 2-5.  In addition,
5 as a sanction for this conduct, K&E asks the Court to enter
6 judgment in its favor on Count 10 of the Fourth Amended Complaint
7 and requests its reasonable costs and fees incurred in filing this
8 motion.  Mot. (doc. 192) at 8-9.
9     In response, the Trustee argues that the Correction Sheet
10 should not be stricken, because Rule 30(e) expressly allows parties
11 to make "changes in form or substance" to deposition testimony.
12 Resp. (doc. 204) at 6, citing Fed. R. Civ. P 30(e).  The Trustee
13 explains that she had a difficult time finding someone to conduct
14 the deposition that had knowledge of the subject matter on which
15 K&E intended to ask questions.  Resp. (doc. 204) at 2-3.  Although
16 Gilman prepared for the deposition by meeting with his attorneys,
17 speaking with Plaintiff Christine Kirk, and reviewing documents,
18 the Trustee explains that he simply did not remember the
19 information and facts he had reviewed.  Id. at 4.  Thus, the
20 Trustee argues that the Correction Sheet should remain in the
21 record and be challenged in court at trial.  Id. at 8.
22     Under Rule 30(e), a deponent may make corrections to his or
23 her deposition testimony after reviewing the deposition transcript.

> [T]he deponent shall have 30 days after being
> notified by the officer that the transcript or
> recording is available in which to review the
> transcript or recording and, if there are changes
> in form or substance, to sign a statement reciting
> such changes and the reason given by the deponent
> for making them.

28 Fed. R. Civ. P 30(e).  The Ninth Circuit further explained the

-3-

1  limitations of this rule in <u>Hambleton Bros. Lumber Co. v. Balkin</u>
2  <u>Enterprises, Inc.</u>, 397 F.3d 1217, 1225 (9th Cir. 2005).  In
3  <u>Hambleton</u>, a witness attempted to change his answers from "I don't
4  know" to more substantive responses alleging new facts. <u>Id.</u> at 1225
5  n.6.  The witness also attempted to change his testimony regarding
6  a contract from "Personally, I guess he, he [sic] didn't breach
7  it," to "I don't know the law but if Mr. Ballinger is responsible
8  for Balkin's actions, then if Balkin breached the agreement, Mr.
9  Ballinger breached the agreement." <u>Id.</u>  After reviewing these
10 changes, the court upheld that district court's order to strike the
11 errata sheet, finding that the corrections were "clearly altered"
12 to allege new facts. <u>Id.</u>

> [Rule 30(e)] cannot be interpreted to allow one to
> alter what was said under oath. If that were the
> case, one could merely answer the questions with
> no thought at all then return home and plan artful
> responses. Depositions differ from interrogatories
> in that regard. A deposition is not a take home
> examination.

17 <u>Id.</u> at 1225 (quoting <u>Garcia v. Pueblo County Club</u>, 299 F.3d 1233,
18 1242 n.5 (10th Cir. 2002).

19      The Court finds the alterations asserted in the case at bar to
20 be akin to those discussed in <u>Hambleton</u>.  The contested Correction
21 Sheet attempts to substantially alter Gilman's deposition
22 testimony.  For example, the Correction Sheet seeks to change one
23 of Gilman's answers of "Yes" to "I don't know; I'm not a lawyer."
24 Exbt. 3 (doc. 192) at 2.  Other changes listed in the Correction
25 Sheet include altering Gilman's answers of "It can't" to "I don't
26 know; I'm not a lawyer;" "That is correct" to "Sachnoff & Weaver
27 was representing Ms. Kirk with respect to her separation from
28 Andersen, and in discussions with GTCR related to her separation

-4-

1 from Andersen and related to the terms of her own employment and
2 compensation by LeapSource;" "Not that I am aware of" to "Yes, in
3 the litigation with Arthur Andersen;" "No" to "Yes, Ms. Kirk raised
4 that issue in a telephone conversation with Mr. Nolan and Mr.
5 Ritchie during the week of September 13, after receiving the
6 September 16 draft of the Purchase Agreement. Mr. Ritchie did not
7 respond to Ms. Kirk's comment, but Mr. Nolan did." Id. at 2-3.
8 Additionally, the Correction Sheet changes three of Gilman's
9 answers of "No" to merely "Yes."  Id. at 4.
10      The Trustee attempts to distinguish Hambleton from this case
11 by noting that the witness in Hambleton was a percipient witness.
12 Resp. (doc. 204) at 6.  The Court finds no merit in this
13 distinction, however, because the Trustee cites no authority to
14 support her argument, and the Court sees no reason why such a
15 distinction should be imposed.
16      Thus, the Court concludes that the Correction Sheet is
17 inappropriate and must be stricken.  However, the Court shall deny
18 K&E's request for entry of judgment in its favor on Count 10 as a
19 sanction against the Trustee.  In addition, the Court shall deny
20 K&E's request for fees incurred in relation to this motion, as the
21 request was not properly filed in accordance with Local Rule 54.2.
22      Therefore,
23      IT IS ORDERED that K&E's motion to strike (doc. 192) is
24 GRANTED.
25      IT IS FURTHER ORDERED that K&E's motion for sanctions (doc.
26 . . .
27
28

1 | 192) is DENIED, without prejudice.

2 | DATED this 28th day of March, 2006.

Robert C. Broomfield
Senior United States District Judge

7 | Copies to counsel of record.

- 6 -