**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Mann, as Trustee for the Estate of LeapSource, Inc., et al. ) ) ) ) | |
| Plaintiffs, ) ) | No. CIV 02-2099-PHX RCB |
| vs. ) ) | O R D E R |
| GTCR Golder Rauner, L.L.C., a Delaware limited liability company., et al., ) ) ) ) | |
| Defendants. ) | |

On October 21, 2002, Defendants GTCR Golder Rauner, L.L.C., et al., filed their notice of removal in this action, attaching Plaintiffs' (Diane Mann, as Trustee for the Estate of LeapSource, Inc., et al.) First Amended Complaint. Notice (doc. 2). On November 20, 2002, Plaintiffs filed a motion to remand (doc. 8) this action to the Superior Court of Arizona in Maricopa County. On February 7, 2003, that motion was denied. Order (doc. 51). Thereafter, on June 11, 2004, Plaintiffs filed their Fourth Amended Complaint ("FAC"). (doc. 121). In the FAC, Plaintiffs allege

certain claims against Defendants David Eaton ("Eaton") and AEG Partners, LLC ("AEG"). Id. Additionally, Plaintiffs allege that the law firm of Kirkland and Ellis ("K&E") is vicariously liable for the conduct of Eaton and AEG. Id.

On September 8, 2005, K&E filed a motion for summary judgment on the issue of vicarious liability. Motion (doc. 250). This motion was fully briefed on November 7, 2005. Reply (doc. 285).

On October 7, 2005, Plaintiffs and Defendants Eaton and AEG noticed a settlement between them. Notice (doc. 259). Thereafter, K&E filed a supplement to its motion for summary judgment on Plaintiffs' vicarious liability claims ("Supplement"). Supp. (doc. 368). In the Supplement, K&E argues that, under applicable Illinois law, releasing an agent from liability also releases, as a matter of law, the vicarious liability of the alleged principal. Id. at 2. Consequently, K&E asserts that summary judgment is warranted in its favor on the issue of vicarious liability. Id. Plaintiffs did not file an objection to the Supplement.

After Judge James M. Marlar of the United States Bankruptcy Court entered an Approval Order, Plaintiffs and Defendants Eaton and AEG filed a stipulation requesting dismissal with prejudice of Plaintiffs' claims against Eaton and AEG. Stip. (doc. 371). Additionally, the parties filed a proposed order regarding the stipulated dismissal. Notice (doc. 372). On April 27, 2006, K&E filed an objection to the proposed order, asserting that, in light of the arguments raised in the Supplement, the second sentence of the proposed order, which reserves Plaintiffs' claims against other parties in this lawsuit, should be stricken. Objection (doc. 377). Plaintiffs oppose K&E's objection, arguing that the language in the

-2-

1  proposed order is the same language utilized in the settlement
2  agreement.  Resp. (doc. 381).
3      IT IS ORDERED that, although K&E did not move for leave to
4  file the Supplement, in light of the fact that there has been no
5  objection, and, in fact, no response to it, the Court will allow
6  the Supplement to be considered.  However, to the extent they wish
7  to do so, Plaintiffs may file a response to the Supplement on or by
8  May 18, 2006.  K&E, to the extent they wish to do so, may file a
9  reply to Plaintiffs' response on or by May 24, 2006.
10     IT IS FURTHER ORDERED that any filings that are made in
11 relation to the issues contained in this order must be served in
12 person or electronically on the appropriate due date defined above.
13 The additional three days allowed by Federal Rule of Civil
14 Procedure 6(e) shall not apply.
15     IT IS FINALLY ORDERED that the Court shall withhold ruling on
16 the pending proposed settlement order between Plaintiffs and
17 Defendants Eaton and AEG.
18     DATED this 8th day of May, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record.

- 3 -