**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Mann, as Trustee for the Estate of LeapSource, Inc., et al., ) ) ) ) Plaintiffs, ) ) Vs. ) ) GTCR Golder Rauner, L.L.C., ) a Delaware limited liability ) company, et al., ) ) Defendants. ) ) | No. CIV 02-2099-PHX RCB  O R D E R |

On February 22, 2006, Defendant Michael Makings ("Makings") moved for summary judgment on the joint venture-related claims in this matter, specifically Counts 12 and 14. Mot. (doc. 323). Additionally, within that same motion, Makings joined in GTCR's and Kirkland & Ellis' motions on the same joint venture-related claims. Id.

Thereafter, on March 28, 2006, the Court issued an order granting GTCR's motion for summary judgment on the joint venture related claims, including Counts 12 and 14. Order (doc. 356). In

its order, the Court concluded that no joint venture existed between the Individual Plaintiffs and GTCR. Id. at 31. Thus, in their response to Makings' motion for summary judgment on the same issues, Plaintiffs assert that, in light of the Court's prior ruling, the Makings' motion is now moot. Resp. (doc. 364) at 2. Plaintiffs offer no argument or evidence in opposition to Makings' motion for summary judgment. Id. On April 27, 2006, Makings filed a reply in opposition to Plaintiffs' determination regarding his motion. Reply (doc. 376).

Under Rule 56(e) of the Federal Rules of Civil Procedure, a non-moving party must respond to a properly supported motion for summary judgment by setting forth "specific facts showing that there is a genuine issue for trial." "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id. Furthermore, Local Rule 7.2(i) provides that, "if the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." The Ninth Circuit requires that such motions be facially meritorious. See Henry v. Gill Indus., 983 F.2d 943, 950 (9th Cir. 1993).

On March 28, 2006, the Court granted GTCR's motion for summary judgment, which both Kirkland & Ellis ("K&E") and Makings joined. Joinder (doc. 242); Mot. (doc. 323). In its order, the Court found that no joint venture existed between the Individual Plaintiffs and GTCR. Order (doc. 356) at 31. Makings may rely on this determination. Thus, Makings shall receive the same treatment as GTCR and K&E, making inappropriate a denial of his motion as moot.

1   Therefore,

2   IT IS ORDERED that Defendant Makings' Motion for Summary
3   Judgment on the Joint Venture Related Claims (doc. 323) is GRANTED.
4   DATED this 9th day of May, 2006.

```
                    _____
                    Robert C. Broomfield
                    Senior United States District Judge
```

10  Copies to counsel of record.