**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Mann, as Trustee for the Estate of LeapSource, Inc., et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>GTCR Golder Rauner, L.L.C., a Delaware limited liability company, et al.,<br><br>        Defendants. | No. CIV 02-2099-PHX RCB<br><br>O R D E R |

    On July 31, 2006, the Court heard oral argument on three motions for summary judgment (doc. 250, 255, 457) filed by Kirkland & Ellis ("K&E"). (doc. 415). On August 28, 2006, the Court entered an order (doc. 457) granting those motions, and, on September 12, 2006, Plaintiffs filed a motion for reconsideration (doc. 462) of that order. On December 4, 2006, the Court denied Plaintiffs' motion in part as it related to one of the three underlying motions for summary judgment, but maintained the balance of the motion under advisement pending further briefing by the

parties.  Order (doc. 463).  The briefing is now complete.  <u>See</u> Resp. (doc. 464); Reply (doc. 466).  Having carefully considered the arguments raised, the Court now rules.

**I. Standard of Review**

The decision to grant or deny a motion for reconsideration is left to the sound discretion of the trial court.  <u>See</u> <u>Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions are disfavored and, absent exceptional circumstances, are generally only appropriate "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law."  <u>Id.</u>  In order to prove that the Court committed clear error, Plaintiffs must demonstrate that the Court's action fell clearly outside the bounds of its authority.  <u>See</u> <u>McDowell v. Calerdon</u>, 197 F.3d 1253, 1256 (9th Cir. 1999).  If the propriety of the Court's judgment is a debatable question, there is no clear error and the motion to reconsider is properly denied.  <u>Id.</u>

**II. Discussion**

Plaintiffs seek reconsideration of the Court's August 28, 2006 order (doc. 457) granting K&E's motions for summary judgment on the aiding and abetting and tortious interference claims (Counts 1, 18, 21, 23) (doc. 255) and on the malpractice and professional negligence claim (Count 10) (doc. 328).[1]  Mot. (doc. 462).  The

---

[1] The Court has already denied Plaintiffs' motion (doc. 462) to the extent that it sought reconsideration of the order granting K&E's supplemented motion for summary judgment regarding vicarious liability (doc. 250, 368).  Order (doc. 463) at 12-16.

-2-

relevant facts are set forth in great detail in the Court's recent order of October 17, 2006.  See Order (doc. 463) at 1-11.

### A. K&E's Motion for Summary Judgment Regarding Aiding and Abetting and Tortious Interference Claims

In the Fourth Amended Complaint ("FAC"), Plaintiffs claim that K&E aided and abetted GTCR in breaching its fiduciary duties to LeapSource (Count 18),[2] and tortiously interfered in the performance of the Purchase Agreement between GTCR and LeapSource (Count 1), the Senior Management Agreements and Employment Agreements of the individual Plaintiffs (Count 21), and the Stockholders Agreement and Purchase Agreement (Count 23).  FAC (doc. 121) at 74-75, 97, 100-01, 103.

In its motion for summary judgment, K&E asserted that Plaintiffs could not meet their burden on the aiding and abetting and tortious interference claims because they had failed to present evidence that K&E rendered substantial assistance[3] enabling GTCR to breach its fiduciary duties, acted improperly to interfere with any

---

[2] In their response to K&E's motion for summary judgment, Plaintiffs suggested that their claim in Count 18 encompassed K&E's aiding and abetting of alleged wrongdoing not only by GTCR, but also by Makings, Eaton, and the GTCR principals who were members of the LeapSource board.  See Resp. (doc. 404) at 4:3-20.  That is not what Plaintiffs pled in their Fourth Amended Complaint, which speaks only of K&E's aiding and abetting GTCR's alleged breaches of fiduciary duty.  See FAC (doc. 121) at 97.

[3] Under Arizona law, a claim for aiding and abetting tortious conduct requires proof of three elements: (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach.  See Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund, 38 P.3d 12, 23 (Ariz. 2002).

of the written agreements, or intentionally interfered at all. Mot. (doc. 255) at 5-8.  The Court agreed, holding that the primary conduct complained of-- K&E's act of recommending Eaton and AEG to GTCR-- did not substantiate Plaintiffs' aiding and abetting and tortious interference claims, and accordingly granted summary judgment on those claims.  Order (doc. 457) at 24-29.

Plaintiffs do not argue that the Court should reconsider the grant of summary judgment on the basis of a change in controlling law or any newly discovered evidence.  Rather, they maintain that the Court committed clear error in evaluating K&E's liability by, among other things, not considering (1) Eaton's conduct, (2) the circumstances surrounding K&E's recommendation of Eaton and AEG to GTCR, and (3) K&E's other conduct apart from that recommendation. Mot. (doc. 462) at 4-9.  Plaintiffs raise the same arguments simultaneously with respect to both the aiding and abetting claim as well as the tortious interference claims.  Id.  As such, the following discussion resolves those arguments for purposes of both sets of claims.

**1. Eaton' Conduct**

As Plaintiffs see it, Eaton's conduct must still be considered in determining K&E's liability notwithstanding their settlement with and release of Eaton, which the Court has already held to extinguish K&E's vicarious liability under applicable Illinois law. See id. at 4; Order (doc. 457) at 19.  Plaintiffs believe that the Court, in discussing Faberberg in its August 28, 2006 order (doc. 457), "conflated two distinct issues [joint and vicarious liability] into one," and therefore erred when it deemed Eaton's conduct irrelevant to determining K&E's joint liability for aiding

1  and abetting. Mot. (doc. 462) at 4.
2       The Court does not share Plaintiffs' perception that it
3  conflated any issues in its discussion of Faberberg. Although
4  Faberberg dealt with the circumstances under which joint liability
5  would be severed by the settlement and release of a joint
6  tortfeasor, it was Plaintiffs who attempted unsuccessfully to
7  extend that holding to support their position on vicarious
8  liability. See Resp. (doc. 404) at 9. The Court's explanation of
9  the holding in Faberberg, by necessity, had to include a discussion
10 of the joint liability issue involved in the case. By all
11 appearances, it may be Plaintiffs who have conflated the issues,
12 but it is not necessary to speculate whether that is the case. To
13 the extent that it is of any vital concern, the Court is aware that
14 Plaintiffs' aiding and abetting claim essentially articulates a
15 theory of joint liability. See RESTATEMENT (SECOND) OF TORTS § 876(b)
16 (1979). For purposes of the present motion (doc. 462), however,
17 the fact remains that the severance of K&E's vicarious liability
18 for Eaton's conduct by virtue of his release focuses the inquiry
19 into K&E's liability solely on K&E's conduct-- even if based on a
20 theory of joint liability.
21      In other words, if K&E is to be jointly liable for any
22 tortious acts allegedly undertaken together with other defendants,
23 e.g., aiding and abetting breaches of fiduciary duty by the
24 majority shareholder of a corporation or tortiously interfering
25 with contracts, there must be some proof of K&E's conduct in that
26 joint enterprise. Moreover, because Eaton's release extinguished
27 K&E's vicarious liability for his conduct, K&E's joint liability
28 must be proven based on its conduct irrespective of whatever Eaton

did.  Thus, it is correct to say that Eaton's conduct is irrelevant to the claims of aiding and abetting and tortious interference against K&E.  Plaintiffs have not demonstrated clear error in the Court's judgment on this point, and reconsideration is not warranted.

**2. K&E's Recommendation of Eaton and AEG to GTCR**

Plaintiffs assert that the Court, in its August 28, 2006 order, did not give adequate consideration or weight to the circumstances in which K&E's recommendation of Eaton and AEG to GTCR occurred.  Mot. (doc. 462) at 6-8.  Among those circumstances, Plaintiffs complain that the Court did not appreciate the significance of testimony by K&E partner Kevin Evanich to the effect that he referred Eaton to GTCR for the purpose of discussing the possibility of working for LeapSource,[4] the fact that the GTCR members on the LeapSource board voted to retain AEG, and K&E's knowledge of conflicting interests and ongoing disputes involving GTCR.  Id. at 6-8.  Plaintiffs believe that "the nature of the recommendation, the circumstances in which it was made, the people to whom it was made, and the subsequent action on that recommendation all support the inference . . . that Eaton was recommended for a position of responsibility with respect to LeapSource, <u>and with obvious consequences for LeapSource</u>."  Id. at 8 (emphasis added).

Looking only at the facts and relevant portions of the record

---

[4] As noted before, the Court has not been provided a full transcript of the Evanich deposition or the specific pages on which this testimony lies, and, therefore, is unable to independently verify the testimony relied upon by Plaintiffs.  See Order (doc. 457) at 37 n.7.

- 6 -

cited in support thereof, the Court does not see the "obvious consequences" to which Plaintiffs so ominously refer. As the Court indicated many times in its August 28, 2006 order, the connection between K&E's recommendation and Plaintiffs' damages is tenuous. See Order (doc. 457) at 24, 28-29, 37-38. Plaintiffs' suspicions concerning the "circumstances in which [the recommendation] occurred," Mot. (doc. 462) at 6, do not fill that evidentiary void. The collective facts fail to support a finding that K&E's recommendation amounted to "substantial assistance" or more than a "little aid" to GTCR's alleged breaches of fiduciary duties, was substantially certain or intended to lead to GTCR's breaches of the various written agreements at issue, or proximately caused any of Plaintiffs' damages. Order (doc. 457) at 24, 28-29, 37-38. This is not enough to survive summary judgment. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 n.10 (9th Cir. 2002) (noting that the party opposing summary judgment must come forward with more than mere "speculation, conjecture, or fantasy") (internal quotation and citation omitted).

Having again considered the surrounding circumstances, the Court still finds that K&E's recommendation of Eaton and AEG to GTCR fails to raise genuine issues of material fact with respect to Plaintiffs' claims of aiding and abetting and tortious interference. The Court's decision was not clearly erroneous, and reconsideration is not warranted.

### 3. K&E's Other Conduct

In their statement of facts in opposition to K&E's underlying motion for summary judgment and in their motion for reconsideration Plaintiffs point to several instances of K&E's conduct apart from

its recommendation of Eaton and AEG to GTCR.  See Mot. (doc. 462) at 8:10-21; Resp. (doc. 292) at 3:6-11, 5:2-6, 7:9-11; Pls.' Statement of Additional Facts ("PSOAF") (doc. 292) ¶¶ 30, 69, 71, 86, 97-99, 102, 119, 123, 125, 127-28, 137, 143, 149.  The Court's previous order (doc. 457) granting K&E's motion for summary judgment did not address those issues, because neither K&E's reply (doc. 303) nor the parties' arguments at the July 31, 2006 hearing touched significantly upon any of those issues.  Rather, the briefing and oral argument gave the appearance that the primary conduct at issue was K&E's act of recommending Eaton and AEG to GTCR.  As the Court mentioned before, the parties may not have anticipated the significance of K&E's other conduct when the underlying motion for summary judgment was pending.  Order (doc. 463) at 16.  Because the Court had not yet ruled on K&E's motion for summary judgment regarding vicarious liability, the parties could not have known whether K&E's vicarious liability for Eaton's conduct would be extinguished, and, therefore, whether greater importance would attach to K&E's other conduct.  Id. at 16-17.  On that understanding, the Court indicated that it did not fault Plaintiffs for their failure to present those arguments more forcefully in their original opposition to K&E's underlying motion, or blame K&E for misunderstanding Plaintiffs as complaining only of K&E's recommendation of Eaton and AEG to GTCR.  Id. at 17.

Of course, the Court's hypotheses as to how and why certain arguments were made do not reflect a judgment that reconsideration is warranted.  On further reflection, the Court finds that Plaintiffs' arguments regarding K&E's other conduct were not fairly presented in the first instance.  Although the particular conduct

described in Plaintiffs' motion for reconsideration (doc. 462) was nestled in their 56-page, 151-paragraph statement of facts, PSOAF (doc. 292) ¶¶ 30, 69, 71, 86, 97-99, 102, 119, 123, 125, 127-28, 137, 143, 149, nowhere in their original responsive memorandum to the K&E's underlying motion did they cite to those specific paragraphs that would support the factual assertions relating to K&E's other conduct. See Resp. (doc. 292) at 2-16. Indeed, any factual assertions implicating K&E's other conduct are notably absent from their response (doc. 292) altogether.[5] Having reviewed the additional briefing on Plaintiffs' motion for reconsideration in conjunction with the original briefing of K&E's underlying motion for summary judgment, the Court is struck by the markedly different arguments put forth by Plaintiffs in each instance. While they may certainly have posited alternative theories in opposing K&E's motion for summary judgment, Plaintiffs did not, and instead adhered to a singular line of argument which ultimately

---

[5] In their 19-page response to K&E's underlying motion for summary judgment, the closest Plaintiffs come to suggesting that conduct other than K&E's recommendation of Eaton to GTCR may form a basis for liability are two passing references to (1) "K&E's continuing relationship with Mr. Eaton and its continuing role in the work he was doing at LeapSource to protect GTCR's interests" and (2) K&E's consultation and working with Eaton to represent GTCR's interests. See Resp. (doc. 292) at 3:6-11, 7:9-11. From these generalities, Plaintiffs apparently expected K&E and the Court to sift through their 56-page statement of facts and 546 pages of exhibits to miraculously locate those particulars highlighted in there motion for reconsideration (doc. 462) that would most help their position. Such expectations are unrealistic for the burden they would impose on the Court, the movant, and on other litigants who would be deprived of scarce judicial resources. Going forward, Plaintiffs should take note that the local rules now require that "[m]emoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, shall include citations to the specific paragraph in the statement of facts that supports factual assertions made in the memoranda." LRCiv 56(e).

failed. It would be unfair to allow Plaintiffs, with the benefit of hindsight, to sandbag K&E and the Court by culling the choicest paragraphs from their statement of facts for new arguments that could easily have been articulated in their opposition to the underlying motion. Compare Resp. (doc. 292) at 2-16 with Mot. (doc. 462) at 8:10-21.

To prevail on their motion for reconsideration, Plaintiffs must show that the Court committed clear error in granting K&E's motion for summary judgment. Because the Court was under no duty to sift through the record for the facts most beneficial to Plaintiffs when K&E's underlying motion was pending, see Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1030-31 (9th Cir. 2001), it was not clear error for the Court to grant K&E's motion without considering Plaintiffs' newly conceived or articulated arguments concerning K&E's other conduct. A party cannot prevail on arguments raised for the first time in a motion for reconsideration. See 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Therefore, Plaintiffs' motion for reconsideration (doc. 462) will be denied with respect to the aiding and abetting and tortious interference claims.

**B. K&E's Motion for Summary Judgment Regarding Malpractice and Professional Negligence**

In the Fourth Amended Complaint, the Trustee asserts a malpractice claim against K&E (Count 10) alleging that (1) K&E represented GTCR in early 2001 concerning GTCR's relationship with LeapSource, and (2) K&E had a conflict because it simultaneously represented LeapSource in early 2001, or alternatively, because it had represented LeapSource during the September 1999 formation

- 10 -

1  negotiations during which it learned that Kirk wanted a firmer
2  funding commitment from GTCR.  K&E filed a motion for summary
3  judgment (doc. 328) that the Court granted, noting the lack of
4  evidence establishing the essential element of causation.  See
5  Order (doc. 457) at 30-39.
6       As before, Plaintiffs do not seek a different result based on
7  an intervening change in controlling law or newly discovered
8  evidence.  Rather, the motion for reconsideration (doc. 462) is
9  based on Plaintiffs' view that the Court's decision was clearly
10 erroneous for two reasons.
11      First, Plaintiffs argue that "[t]he same evidence of facts and
12 circumstances showing K&E's knowing and substantial assistance in
13 the breaches of duty to LeapSource . . . also supports the
14 inference that the conduct of K&E was a proximate cause of damage
15 to LeapSource.  Mot. (doc. 462) at 9.  This argument fails for the
16 reasons discussed above.
17      Second, Plaintiffs suggest that the Court may have
18 misunderstood their argument with respect to the issue of
19 causation, and maintain that Plaintiff Tom Gilman's February 24,
20 2001 memorandum to the LeapSource board of directors ("Gilman
21 Memorandum") and an expert report by Professor Geoffrey Hazard
22 ("Hazard Report") collectively establish sufficient evidence that
23 K&E's alleged conflict of interest was a proximate cause of injury
24 to LeapSource.  Mot. (doc. 462) at 9-10; see also Resp. (doc. 375)
25 at 9-10.  At issue is the Hazard Report's central assumption that
26 LeapSource would have survived as a going concern rather than
27 liquidating had it been properly advised and assisted.  See Exbt.
28 28 (doc. 329) at 5.  Assuming the existence of such evidence,

Professor Hazard opined that "it was reasonably foreseeable to Kirkland and Eaton that their course of conduct . . . would have a material adverse effect on LeapSource and Ms. Kirk and her associates," and on that basis concluded that K&E's alleged conflict of interest was a "substantial cause of [Plaintiffs'] injury." Id. Plaintiffs contend that the Gilman Memorandum fills that gap by providing the necessary evidence that LeapSource would have survived if properly advised and assisted, and argue that the Court did not address this aspect of the Gilman Memorandum when it concluded that Plaintiffs had not demonstrated a genuine issue of material fact on the issue of causation.  Mot. (doc. 462) at 10. As before, Plaintiffs' responsive memorandum (doc. 375) as well as motion for reconsideration (doc. 462) provide scarcely a glimmer as to the real facts in the Gilman Memorandum that would support their contentions and furnish the final link in the causal chain.

    Plaintiffs apparently do not appreciate that the Court must rely on facts if it is to deny what otherwise appears to be a facially meritorious motion for summary judgment.  Generally, it is the opposing party's responsibility to direct the Court's attention to those specific facts that would preclude summary judgment, Fed. R. Civ. P. 56(e), and conclusory allegations are insufficient to establish a triable issue, see Newman v. County of Orange, 457 F.3d 991, 995 (9th Cir. 2006).  Plaintiffs may feel strongly that the Gilman Memorandum and Hazard Report provide "more than a sufficient basis to support a jury verdict that K&E's . . . conduct . . . was a proximate cause of" their injury, Resp. (doc. 375) at 9-10, but simply saying so does not make it so.  On their motion for reconsideration, Plaintiffs insist that "the Gilman Memorandum

1  supports the claim that the business of LeapSource, if properly
2  assisted, could have survived," but still fail to explain the
3  concrete particulars of that contention.  Mot. (doc. 462) at 10.
4  It is not the Court's duty to scour the record to marshal the best
5  facts to fit the broad contours of Plaintiffs' unsupported
6  assertions.  Given the paucity of the factual arguments and
7  references to the record in Plaintiffs' response to the underlying
8  motion for summary judgment, as well as in their present motion to
9  reconsider, the Court did not exceed the bounds of its authority in
10 granting K&E's motion for summary judgment.  Because Plaintiffs
11 have not demonstrated clear error in the Court's judgment, the
12 motion for reconsideration (doc. 462) will be denied with respect
13 to the malpractice and professional negligence claim (Count 10).

**III. Conclusion**

In light of the foregoing analysis,

IT IS ORDERED that Plaintiffs' motion for reconsideration (doc. 462) is DENIED.

DATED this 30th day of March, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record